IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAURICE JONES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOSEPH J. PIAZZA, et al. | : | NO.  05-5384 |

REPORT AND RECOMMENDATION

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE                              March     27    , 2006

      This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by an individual currently incarcerated at the State Correctional Institution at Coal Township, Pennsylvania.  For the reasons that follow, I recommend that the petition be dismissed and that the motion to stay the proceedings be denied.

**FACTS AND PROCEDURAL HISTORY:**

      On November 16, 1990, after a jury trial before the Honorable Ricardo Jackson, Jones was convicted of thirteen counts of possession with intent to deliver a controlled substance, and one count each of criminal conspiracy and involvement in a corrupt organization.  After the start of the trial, Jones fled and the trial was concluded *in absentia*.  Although trial counsel filed post-verdict motions, the motions were quashed due to Jones' fugitive status.

      On October 24, 1991, Judge Jackson sentenced Jones *in absentia* to an aggregate term of 54-108 years' imprisonment (consecutive sentences of 3-6 years for each count of possession with intent to deliver; 5-10 years for conspiracy, and 10-20 years for corrupt organizations).  On September 11, 1998, Jones was captured and began serving his sentence.

      On December 2, 1999, Jones filed a "Petition to Vacate Sentence and/or for Leave to File

Reconsideration of Sentence *Nunc Pro Tunc* and for Leave to Appeal *Nunc Pro Tunc*." Judge Jackson denied the motion.

On December 31, 1999, Jones filed a notice of appeal from Judge Jackson's Order. On March 5, 2001, the Superior Court dismissed the appeal because counsel failed to file a brief. Commonwealth v. Jones, 294 EDA 2000. Jones then filed a Motion for Reconsideration, which was denied on March 21, 2001. The Pennsylvania Supreme Court denied allocatur on August 28, 2001. Commonwealth v. Jones, 784 A.2d 115 (Pa. 2001)(table).

On October 2, 2001, Jones filed a pro se petition pursuant to Pennsylvania's Post Conviction Relief Act, ("PCRA"), 42 Pa.C.S.A. §§ 9541-9551, alleging ineffective assistance of counsel and seeking the reinstatement of his appellate rights *nunc pro tunc*. After appointing counsel and considering an amended PCRA petition, the PCRA Court dismissed the petition as untimely on February 11, 2003. The Superior Court affirmed the PCRA Court's decision on February 1, 2005. Commonwealth v. Jones, 865 EDA 2003. The Pennsylvania Supreme Court denied allocatur on July 19, 2005. Commonwealth v. Jones, 91 EAL 2005.

On October 14, 2005, Jones filed this petition for habeas corpus, claiming: (1) he was denied his right to a direct appeal; (2) petitioner's sentence is illegal because he was sentenced *in absentia*; (3) the evidence does not support the conviction for corrupt organizations because he was not engaged in a legitimate enterprise; (4) the consecutive sentences imposed for the narcotics convictions were an abuse of discretion; (5) ineffective assistance of appellate counsel for failing to file a brief on appeal; (6) the trial court misapplied Pennsylvania Rule of Criminal Procedure 1117(a).[1]

---

[1] Jones seems to restate his second claim in the claim numbered 6 in his petition.

**DISCUSSION:**

In response to the petition, the District Attorney argues that the petition is untimely. With the passage of the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), Congress enacted a one-year limitations period for federal habeas corpus petitions. 28 U.S.C. § 2244(d). Ordinarily, the one-year period begins to run from the date on which the judgment became final in the state courts and is tolled only by a properly filed PCRA petition. 28 U.S.C. § 2244(d)(1)(A) and (d)(2).

Here, Jones' conviction became final on November 23, 1991, when the time to file a direct appeal expired. See Pa.R.App.P. 903(a)(requiring an appeal to be filed within 30 days of a lower court decision). However, the Third Circuit has determined that application of the one-year limitations period to convictions that became final prior to the enactment of AEDPA would be impermissibly retroactive. Therefore, Jones had one year from AEDPA's enactment date, April 24, 1996, to file his habeas petition. See Burns v. Morton, 134 F.3d 109, 110 (3d Cir. 1998); Wilson v. Beard, 426 F.3d 653, 663 (3d Cir. 2005). At that point, Jones was still a fugitive. He returned to custody on September 11, 1998, after the habeas limitations period had expired.

Although Jones argues that the time during which the court considered his argument to have his direct appellate rights reinstated should not count for the calculation of the habeas limitations period, see Petitioner's Memorandum, at 4, Jones waited more than a year after he returned to custody to file any attack on his conviction.

Jones also argues that AEDPA's one-year did not begin to run until November 26, 2001, and that the PCRA petition he subsequently filed was timely, tolling the running of § 2244's

limitations period. See Petitioner's Memorandum, at 4 n.1. This argument seems to be based on the mistaken belief that the "Petition to Vacate Sentence and/or for Leave to File Reconsideration of Sentence *Nunc Pro Tunc* and for Leave to Appeal *Nunc Pro Tunc*," somehow constituted a direct appeal. It did not. The trial court denied him leave to appeal *nunc pro tunc*. The fact that Jones' retained counsel failed to file a brief on appeal, causing the Superior Court to dismiss the appeal of Judge Jackson's Order, does not transform his request to appeal *nunc pro tunc* into the appeal he sought.

Because the PCRA petition, filed on October 2, 2001, was filed after the habeas limitations period had already run, it had absolutely no tolling effect. Moreover, the state courts concluded that the petition filed on October 2, 2001, was, itself untimely. Thus, it could not serve to toll the habeas limitations period, in any event. See Pace v. DiGuglielmo, _ U.S. _, 2005 WL 957194 *6 (Apr. 27, 2005)("time limits . . . are filing conditions" and an untimely filed petition for state post conviction relief does not statutorily toll the limitations period).

The arguments presented by Jones in his Memorandum could also be read to assert a claim for equitable tolling of § 2244's limitations period. Equitable tolling is appropriate "when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights." Miller v. New Jersey State Department of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). The Third Circuit has found that equitable tolling is appropriate in four narrow circumstances: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum; or (4) if the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the

plaintiff into believing that he had done everything required of him.  Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).  However, equitable tolling is to be invoked "only sparingly." see United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998).  The Third Circuit has found that the hallmark of equitable tolling is reasonable diligence on behalf of the petitioner.  See Miller, at 618-619 (requiring the petitioner to establish that he exercised reasonable diligence in investigating and bringing his claims); Phillips v. Donnelly,, 216 F.3d 508, 511 (noting petitioner had pursued his claims with diligence and alacrity).

     Here, Jones' failure to timely file his habeas petition is directly attributable to his flight.  Clearly such circumstances do not warrant equitable tolling because the petitioner is author of his own demise.  See Verikokidis v. Galetka, 42 Fed.Appx. 311 (10th Cir. 2002)(delay not excused where petitioner's fugitive status contributed to delay).

     Finally, Jones has filed a Motion to Stay his habeas proceedings, stating that he recently received "information and a document that exposed the pervasive misconduct and policies of illegal racial discrimination in jury selection."  Motion for Stay, at ¶ 2.  The Supreme Court has recently concluded that a "stay and abey" procedure is appropriate when the petitioner files a mixed petition.  When the district court concludes there was good cause for the petitioner's failure to exhaust his claims in the state court, the district court can stay the federal proceedings to allow the petitioner to exhaust his unexhausted claims in state court.  Rhines v. Weber, _U.S. __, 125 S.Ct. 1528 (2005).

     One of the underpinnings of the Court's decision in Rhines is the relationship of the total exhaustion rule with AEDPA's strict one-year limitations period.

> As a result of the interplay between AEDPA's 1-year statute of limitations and [*Rose v.*] *Lundy*'s dismissal requirement, [455 U.S. 509 (1982)] petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims.

Rhines, at 1533.  Thus, the "stay and abey" procedure protects both the concerns of comity and finality by giving the state courts the first opportunity to address the unexhausted claims and preserving the exhausted claims from an untimely fate if the court were to dismiss the mixed petition.

Here, Jones has filed an untimely petition.  There is nothing to save from an untimely fate.  If Jones has a newly discovered claim, he will not be prejudiced by first exhausting the claim in the state courts because the Post Conviction Relief Act, like the habeas corpus statute, allows the petitioner to present a claim that is newly discovered and could not have been discovered through the exercise of reasonable diligence.  See 42 Pa.C.S.A. § 9545(b)(1)(ii); 28 U.S.C. § 2244(d)(1)(D).  The time during which such a PCRA petition is pending, if timely filed, see 42 Pa.C.S.A. § 9545(b)(2)(requiring a claim based on newly discovered evidence to be filed within 60 days), would be tolled for purposes of calculating the habeas limitations period.  28 U.S.C. § 2244(d)(2).  Thus, the concerns expressed in Rhines are not present here and we will recommend that the petitioner's request to stay these proceedings be denied.[2]

---

[2] We also note that the Supreme Court cautioned against staying consideration of a petition if the unexhausted claim was plainly meritless.  Rhines, at 1535.  Here, Jones has failed to give us any indication what evidence he recently discovered.  Although the District Attorney attempts to guess the basis for Jones' new-found claim, on the record before us, we have no way to make a determination of the claim's merits.

Therefore, I make the following:

## **R E C O M M E N D A T I O N**

AND NOW, this 27th day of March, 2006, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED AS UNTIMELY.  IT IS FURTHER RECOMMENDED that the Motion to Stay be DENIED.  There has been <u>no</u> substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

/s/Jacob P. Hart

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAURICE JONES | : | CIVIL ACTION |
| v. | : | |
| JOSEPH J. PIAZZA, et al. | : | NO.  05-5384 |

**O R D E R**

JAMES KNOLL GARDNER, J.,

      AND NOW, this            day of                    , 2006, upon careful and independent consideration of the petition for writ of habeas corpus, and after review of the Report and Recommendation of United States Magistrate Judge Jacob P. Hart, IT IS ORDERED that:

      1.  The Report and Recommendation is APPROVED and ADOPTED.

      2.  The petition for a writ of habeas corpus is DISMISSED AS UNTIMELY.

      3.  The Motion to Stay these proceedings is DENIED.

      4.  There is <u>no</u> basis for the issuance of a certificate of appealability.

                              BY THE COURT:

                              _____
                              JAMES KNOLL GARDNER, J.