```
               IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MAURICE JONES,                  )
              Petitioner        ) Civil Action
                                ) No. 05-CV-05384
    vs.                         )
                                )
JOSEPH J. PIAZZA,               )
THE DISTRICT ATTORNEY OF THE    )
  COUNTY OF PHILADELPHIA and    )
THE ATTORNEY GENERAL OF THE     )
  STATE OF PENNSYLVANIA,        )
                                )
              Respondents       )
```

O R D E R

NOW, this 9th day of March, 2007, upon consideration of the pro se Petition for Writ of Habeas Corpus, which petition was filed in the United States District Court for the Eastern District of Pennsylvania on October 14, 2005 together with Petitioner's Memorandum of Law in Support of Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C.A. § 2254 filed October 28, 2005; upon consideration of the Response to Petition for Writ of Habeas Corpus, which response was filed March 22, 2006 by respondents; upon consideration of Petitioner's Motion Requesting a Stay on Petitioner's Application for Writ of Habeas Corpus to Return to the State Courts to File a PCRA Petition on Newly Discovered Evidence, which motion was filed March 15, 2006; upon consideration of the Response to Motion to Stay Proceedings Pending Exhaustion of State Court Remedies, which response was filed March 22, 2006 by respondents; upon consideration of the Report and Recommendation of United States Magistrate Judge

Jacob P. Hart filed March 28, 2006; upon consideration of the Petitioner's Objection to the Magistrate's Report and Recommendation on Petitioner's Application for a Writ of Habeas Corpus Under § 2254 filed August 16, 2006; it appearing that Magistrate Judge Hart considered the merits of petitioner's motion to stay in his Report and Recommendation; it further appearing that my May 6, 2006 Order extended petitioner's deadline to file objections to the Report and Recommendation until June 5, 2006 and that petitioner failed to timely object to Magistrate Judge Hart's Report and Recommendation; it further appearing petitioner's objections merely restate the issues raised in his underlying petition; it further appearing that petitioner's petition for habeas corpus is time-barred and without merit; it further appearing that, after de novo review of this matter, Magistrate Judge Hart's Report and Recommendation correctly determined the legal and factual issues presented in the petition for habeas corpus relief as well as petitioner's motion to stay the within action,

<u>IT IS ORDERED</u> that the Report and Recommendation of United States Magistrate Judge Jacob P. Hart is approved and adopted.


IT IS FURTHER ORDERED that petitioner's objections to the Report and Recommendation are overruled.[1]

IT IS FURTHER ORDERED that Petitioner's Motion Requesting a Stay on Petitioner's Application for Writ of Habeas Corpus to Return to the State Courts to File a PCRA Petition on Newly Discovered Evidence is denied.

IT IS FURTHER ORDERED that the pro se petition for habeas corpus relief is denied without a hearing.

---

[1] When objections are filed to a magistrate judge's report and recommendation, I am required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections.  28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.  Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions.  I may accept, reject or modify, in whole or in part any of the findings or recommendations made by the magistrate judge.  Raddatz, supra.

As noted above, despite receiving an extension of time to file objections to Magistrate Hart's Report and Recommendation, petitioner's objections were untimely filed and petitioner failed to provide any explanation for the late filing.  Although a failure to timely file objections is not a jurisdictional defect, such a failure without justification provides sufficient grounds to deny consideration of the objections.  Time limitations on filing objections must be strictly observed.  See Gradison v. Moore, 786 F.2d 146, 148 (3d Cir. 1986).

However, in an abundance of caution, I have considered petitioner's objections to the Report and Recommendation and I conclude his objections are nothing more than a restatement of the underlying claims contained in his petition for habeas corpus.  Moreover, upon review of the Report and Recommendation, together with de novo review of this matter, I conclude that the Report and Recommendation correctly determines the legal issues raised by petitioner.

Accordingly, I approve and adopt Magistrate Judge Hart's Report and Recommendation, including the denial of petitioner's motion to stay this habeas corpus proceeding, and overrule petitioner's objections.

IT IS FURTHER ORDERED that because petitioner fails to demonstrate denial of a constitutional right, a certificate of appealability is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this matter as dismissed for statistical purposes.

BY THE COURT:


/s/ James Knoll Gardner
James Knoll Gardner
United States District Judge